IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BLESSOE WATSON                                                                                      PLAINTIFF
#261480

v.                                        4:23-cv-01006-JM-JJV

DARIUS LANG, Deputy,
Pulaski County Regional Detention Facility, et al.                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Blessoe Watson ("Plaintiff") is a pretrial detainee in the Pulaski County Detention Facility. In October 2023, he filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging Defendant Deputy Darius Lang used excessive force against him. (Doc. 2.) On October 25, 2023, I issued an Order explaining why he had not pled a plausible claim for relief, gave him thirty days to file an Amended Complaint curing his pleading deficiencies, advised him an Amended Complaint

1

would replace his prior Complaint, and cautioned him I would recommend dismissal if he did not comply with my instructions.[1]  (Doc. 4.)

Plaintiff has timely filed a *pro se* Amended Complaint alleging he failed to receive constitutionally adequate medical care on September 7, 2023  (Doc. 7.)  Plaintiff says when he told Nurse Zapada he thought he was allergic to glue she intended to use to close an unexplained injury:

> she said I'm going to help you. So I said ok.  She inserted the glue, squeezed my wound and refused me x-rays which was charge nurse call too and doctor Messersmith.  This concludes my report for the concerning issue on the above date and time September 7, 2023 between 2 and 3 o'clock p.m.

(*Id.* at 5.)  But, Plaintiff has already raised this identical claim in *Watson v. Zapada*, 4:23-cv-00998-KGB-BBM (Doc. 2), which is currently waiting to be screened.  In fact, the substantive pages of the Amended Complaint Plaintiff filed in this case are photocopies of the Complaint he already filed in 4:23-cv-00998-KGB-BBM.  Plaintiff cannot raise identical claims in two lawsuits.  And it is this District's practice, in such situations, to allow prisoners to proceed with the claim raised in the first filed lawsuit, which is 4:23-cv-00998-KGB-BBM.

Second, to plead a plausible inadequate medical care claim, a pretrial detainee must provide facts suggesting: (1) he had an objectively serious need for medical care; and (2) each Defendant subjectively knew of, but deliberately disregarded, that serious medical need.  *See Presson v. Reed,* 65 F.4th 357, 367 (8th Cir. 2023); *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021).  Even if I presume Plaintiff's unexplained injury satisfy the first element, his allegations in the Amended

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

Complaint fall short on the second element. Plaintiff says Defendants Nurse Zapada, Charge Nurse Mixen, and Dr. Messersmith acted with deliberate indifference by using surgical glue to close his wound and not ordering x-rays. But a mere disagreement with treatment decisions does not rise to the level of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023). And that is especially true here when Plaintiff does not say he was harmed by either decision. *See Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 885 (8th Cir. 2009); *Gibson v. Weber,* 433 F.3d 642, 646 (8th Cir. 2006). Finally, Plaintiff does not claim Defendant Deputy Lang was personally involved in his medical care. *See Iqbal,* 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Thus, I conclude he has not pled a plausible inadequate medical care against any of the four Defendants named in the Amended Complaint.

Finally, it appears Plaintiff has abandoned his excessive force claim against Defendant Lang. However, even if Plaintiff did not intend to do so, the facts in the Amended Complaint do not state a plausible claim. Specifically, Plaintiff says, without any explanation, that he was "injured by deputy Darius Lang while fully restrained through a food trap connected by my door." (Doc. 7 at 4.) To plead a plausible excessive force claim, a pretrial detainee must provide facts suggesting the use of force was objectively reasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). When making this determination, a court must consider the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any effort made by the officer to temper or limit the amount of force, the severity of the security problem at issue, the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting. *Id*.; *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). Because the

Case 4:23-cv-01006-JM   Document 8   Filed 11/15/23   Page 4 of 4

Amended Complaint does not provide any of this information, I conclude Plaintiff has not pled a plausible excessive force claim against Defendant Lang.

## II.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 7) be DISMISSED without prejudice.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4